IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LARRY JOHNSON**                                                                                                       **PLAINTIFF**

v.                              Civil No. 5:16-cv-05095

**OFFICER DONTE McGOUGH,**
**Washington County Detention Center**                                                       **DEFENDANT**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Larry Johnson under the provisions of 42 U.S.C. § 1983. Johnson proceeds *pro se* and *in forma pauperis*. He is incarcerated in the Washington County Detention Center (WCDC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on April 10, 2015, late at night, the Johnson was brushing his teeth. Officer Donte McGough demanded that Johnson come to the door to speak with him. Johnson walked over to the door, and Officer McGough "politely asked [Johnson] with a serious look, 'How much are you charging for your ass.'" Johnson states he was shocked, frightened, felt violated, and now does not trust any of the guards.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Johnson's allegations do not state a claim of constitutional dimension.  Taunts, name calling, and the use of offensive language do not state a claim of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)(being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved did not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).  *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(claim stated where prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death").

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous.  Therefore, it is **DISMISSED WITH PREJUDICE.**  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP

action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 9th day of August, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE